# Morvillo Abramowitz Grand Iason & Anello P. C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO***
LAWRENCE S. BADER
BENJAMIN S. FISCHER
CATHERINE M. FOTI
PAUL R. GRAND
LAWRENCE IASON
STEPHEN M. JURIS
JUDITH L. MOGUL
JODI MISHER PEIKIN
ROBERT M. RADICK***
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION
(212) 880-9440
lbader@maglaw.com

COUNSEL
RACHEL Y. HEMANI
JASMINE JUTEAU
BARBARA MOSES*

SENIOR ATTORNEY
THOMAS M. KEANE

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN CALIFORNIA AND WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN WASHINGTON, D.C.

April 28, 2014

**BY HAND DELIVERY & E-FILED**

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>United States v. Mark Allie, et al.</u>, Case No. 13-cr-00242 (SAS)

Dear Judge Scheindlin:

      I represent Defendant Steve Ramsnamy in the above-captioned matter and I write to request a modification of Mr. Ramsnamy's bail conditions. Mr. Ramsnamy is currently under home incarceration at the home of his grandfather in the Bronx. I write today to request that Mr. Ramsnamy's bail conditions be modified from home incarceration to home detention to allow him to search for employment and to leave the house to go to job interviews and, eventually, a job, should he obtain either.

      Mr. Ramsnamy was originally released into the custody of his aunt to live on Long Island on August 1, 2013. He lived with her until, upon request of counsel, he reported to federal custody on October 30, 2013. He was then released by your Honor under the same conditions of bail to the custody of his grandfather on December 3, 2013. Since that time, he has lived under home incarceration with his grandparents in the Bronx. At the end of April, he will have been released on bail for a total of eight months. The terms of his bail conditions dictate that he may leave the house only for the purposes of seeing a doctor, seeing his attorneys, or going to court appearances.

At Mr. Ramsnamy's initial bail hearing, his counsel requested that Judge Cott set bail conditions to allow Mr. Ramsnamy to leave the house for job interviews and employment, should he obtain them. Judge Cott rejected that request. He explained:

> The answer is no, but the answer is no with the understanding that if he really does right by this and he abides by all of the conditions of home incarceration, then I will leave it to the Pre-Trial Services officer and [counsel] to make a further application to the court to allow him to do so. But I'm not going to allow him to do so . . . in the next two weeks.
>
> I want him to prove to the Pre-Trial Services office that he can abide by home incarceration. . . .
>
> [I]n the short term, under home incarceration, he may not seek employment, but that can be modified if he does all that he is required to do under conditions that I have set . . . .

(Bail Transcript, 7/15/13, at 31–32, attached as Exhibit A.)

At this time, we believe that Mr. Ramsnamy has earned the opportunity to petition this Court for a modification of his bail conditions. Throughout the time he has spent under home incarceration, he has complied with the terms of his release and complied with all instructions from his pre-trial services officers.[1] Moreover, as he is unable to leave the house, Mr. Ramsnamy puts additional strain on the resources of his grandparents (his grandmother works and his grandfather is retired) and is unable to contribute to the costs of raising his one-year-old daughter, Ashley. He further understands that there is a possibility that he will be incarcerated when this case is resolved and he wants to try to save money for his girlfriend to use for their daughter during any time that he may be in prison. Mr. Ramsnamy intends to apply for employment online and will, of course, keep his pre-trial services officer apprised of any job interviews he may get. Attached as Exhibit B is a letter from Mr. Ramsnamy to your Honor explaining his desire to seek employment.

We have contacted his pre-trial services officer and he does not object to this request. We have also contacted the government, who informed us that it takes no position with respect to this request. Thank you for your Honor's consideration of this matter.

Respectfully,

Lawrence S. Bader

Enclosure

---

[1] Until December, Mr. Ramsnamy was under the impression that he was allowed to stand on the porch or in the backyard of his grandfather's house for short periods of time. His pretrial services officer informed him this could be grounds for a violation of the terms of his release. Mr. Ramsnamy has since abided by those instructions. In one instance in January, a urinalysis tested positive for THC but all subsequent testing has been negative.

Hon. Shira A. Scheindlin
April 28, 2014
Page 3

cc:     (By E-Mail)
        AUSA Jared Lenow
        AUSA Amy Lester
        Mr. Gianfranco Furelli, Pretrial Services Officer