

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

January 15, 2015

**BY ECF AND EMAIL**

Hon. Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re:    *United States v. Steve Ramsnamy*, 13 Cr. 242 (SAS)

Dear Judge Scheindlin:

      The defendant is scheduled to be sentenced in this matter on January 20, 2015, at 4:30 p.m.  For the reasons explained below, the Government respectfully submits that a Guidelines sentence of 37 to 46 months' imprisonment should be imposed at sentencing.

## Offense Conduct

      The defendant sold an AK-47 to an undercover law enforcement officer on September 18, 2012.  That transaction was arranged by one of Ramsnamy's co-defendants, who brokered the transaction at the request of one of the co-defendant's heroin customers, who was actually an undercover police officer working on the investigation of the Briggs Avenue Organization which led to the Indictment in this case.

## A Guidelines Sentence is Appropriate

      As set out in the PSR, the defendant's offense level is 19, and he is in Criminal History Category III, resulting in a Guidelines range of 37 to 46 months' imprisonment.  The Government and probation disagree over whether the defendant should be assigned a criminal history point for his January 26, 2010 second-degree harassment conviction, which stemmed from the defendant punching a stranger in the face.  The Government's position is that, under Second Circuit precedent, this particular second-degree harassment conviction is more serious than the listed offenses set out in U.S.S.G. § 4A1.2(c)(1), and thus should be assigned one criminal history point.  However, as noted by the PSR, the defendant has five criminal history

points even without that one point, and so this contested point does not affect the Guidelines range.

A Guidelines sentence is appropriate in light of the extremely dangerous nature of the firearm at issue, and the circumstances under which the defendant sold it. The defendant sold a semiautomatic firearm capable of accepting a large capacity magazine on the black market to an associate of a heroin dealer. The defendant may not have possessed the gun for a long period of time, but he knowingly facilitated putting a very dangerous weapon onto the streets of the Bronx. While he eventually learned that the purchaser was an undercover law enforcement agent, at the time of the sale the defendant obviously was not aware of that fact, and for all he knew the purchaser could have intended to use the weapon for violent ends. Indeed, it is hard to imagine that someone buying an AK-47 on the black market in the Bronx could have had any other purpose.

A Guidelines sentence is also warranted by the need for specific deterrence. As the PSR notes, the defendant has a number of convictions, including a felony drug conviction for selling crack cocaine in 2011, and several convictions for violent behavior when he was under the age of eighteen. The defendant received very lenient sentences in each of those cases (conditional discharges and/or probation in all but one, with only a single jail sentence of ten days), and a similarly lenient sentence in this case risks sending the message that the defendant's repeated violations of the law have minimal consequences.

For the foregoing reasons, the Government respectfully submits that a sentence within the advisory Guidelines range is appropriate here and would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
Jared Lenow
Assistant United States Attorney
(212) 637-1068

cc (by email): Lawrence S. Bader
Peter Janowski